UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DALE GILMORE,

                            Plaintiff,

       v.                                                  9:18-CV-0013
                                                                  (GLS/ATB)

STATE OF NEW YORK SCHENECTADY
SHERIFFS; et al.,

                            Defendants.
_____

APPEARANCES:

DALE GILMORE
18-A-0389
Plaintiff, pro se
Clinton Correctional Facility - Annex
P.O. Box 2002
Dannemora, NY 12929

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Plaintiff pro se Dale Gilmore commenced this action seeking relief for the alleged violation of his constitutional rights during his confinement at the Schenectady County Correctional Facility.  *See* Dkt. No. 1 ("Compl.").[1]  Plaintiff, who did not pay the filing fee for this action, requested leave to proceed in forma pauperis.

      Upon review of plaintiff's complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, the Court determined that the complaint was subject to dismissal.  Dkt. No. 9

---

   [1] Plaintiff is currently confined at Clinton Correctional Facility in the custody of the New York Department of Corrections and Community Supervision.  *See* Dkt. No. 15.

(the "February Order"). In light of his pro se status, plaintiff was afforded the opportunity to file an amended complaint. *Id.* at 9.[2]

Plaintiff's amended complaint is before this Court for review. Dkt. No. 14 ("Am. Compl.").

## II.   DISCUSSION

In his original complaint, plaintiff claimed that Nurse "Doe" and C.O. "Doe" did not respond properly to his complaints of severe abdominal pain, for which he underwent an emergency appendectomy several hours later. Compl. at 4. In addition to Nurse "Doe" and C.O. "Doe," the complaint named "State of New York Schenectady Sheriffs" as a defendant. *Id.* at 1-2. Plaintiff sought an award of damages. *Id.* at 5.

Upon review, the Court concluded that, even assuming that plaintiff's appendicitis was sufficiently "serious" for purposes of the Eighth or Fourteenth Amendment,[3] the facts alleged did not plausibly suggest that Nurse "Doe" and/or C.O. "Doe" acted with deliberate indifference, were reckless in their treatment of plaintiff, or provided him with medical treatment that was "inadequate" in a constitutional sense. February Order at 6-7. Because plaintiff failed to allege a cognizable claim of deliberate indifference, the complaint was dismissed with leave to replead. *Id.* Plaintiff was specifically advised that any amended complaint must be a "complete pleading" and must set forth a short and plain statement of the facts plaintiff relies on in support of his claim that "the defendants named in that pleading engaged in acts of misconduct or wrongdoing which violated his constitutional rights." *Id.* at

---

[2] Plaintiff was also granted leave to proceed in forma pauperis. February Order at 9.

[3] Plaintiff did not state in his complaint whether he was a pretrial detainee or whether he was serving a sentence in June 2017 when this incident occurred. *See* February Order at 5. Plaintiff states in his amended complaint that he was a pretrial detainee in June 2017. Am. Compl. at 1.

2

8.

The Court has reviewed plaintiff's amended complaint thoroughly and with due regard to his status as a pro se litigant.[4] The amended complaint is a single typewritten page which does not include a caption or, more importantly, a clear identification of the defendants. Am. Compl. at 1. More specifically, while plaintiff's description of the events leading up to his emergency appendectomy mentions both the attending nurse (first name "Barbara") and the correctional officer (unidentified) who were present at his cell and involved in his transport to an outside hospital, neither individual is referred to as a defendant. *Id.* Rather, plaintiff states that "the complaint is against the Schenectady County." *Id.*

As plaintiff was advised in the February Order, in order to plead a cognizable Section 1983 claim against a municipality, "a plaintiff must allege the existence of a formal policy which is officially endorsed by the municipality, or a practice so persistent and widespread that it constitutes a custom or usage of which supervisory authorities must have been aware, or that a municipal custom, policy, or usage can be inferred from evidence of deliberate indifference of supervisory officials to such abuses." *Iacovangelo v. Corr. Med. Care, Inc.*, 624 Fed. App'x 10, 13 (2d Cir. 2015) (summary order). Upon review of the amended complaint, the Court concludes that plaintiff has not alleged facts which even suggest that he has a cognizable claim against Schenectady County arising out of the events of June 18, 2017.

As a result, the Court finds that the amended complaint does not cure the pleading

---

[4] Plaintiff submitted approximately fifteen pages of medical records as exhibits to the amended complaint. *See* Dkt. No. 14-1 through 14-3. To the extent that the exhibits are relevant to the incident described in the complaint, any documents attached as exhibits will be considered. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (noting that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

deficiencies identified in the February Order and is subject to dismissal.

The question before this Court thus becomes whether plaintiff should be afforded yet another opportunity to file an amended complaint or whether dismissal of this action is warranted. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) (stating that complaints from pro se litigants should be liberally construed and that such litigants should be given the chance to amend their complaints as needed). Although the Court has considerable doubt as to the likelihood that yet another opportunity to file an amended complaint will be meaningful, the Court hereby affords plaintiff the benefit of that doubt, and grants him a period of **thirty (30) days** in which to submit a second amended complaint. Any amended complaint must contain a short and plain statement of the facts plaintiff relies on in support of his claims (including the dates of the events complained of, and the nature of the alleged wrongdoing), and must clearly identify the defendants against whom relief is sought. Plaintiff is advised that his failure to file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

### III. CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's amended complaint (Dkt. No. 14) is **DISMISSED** without prejudice because it is not a complete pleading which cures the deficiencies identified in the February Order; and it is further

**ORDERED** that in light of his pro se status, plaintiff is granted leave to file a second amended complaint as set forth above **within thirty (30) days** from the date of the filing of

this Decision and Order; and it is further

**ORDERED** that, in the event plaintiff fails to file a signed second amended complaint **within thirty (30) days** from the date of the filing of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that, upon the filing of plaintiff's amended complaint this matter be returned to the Court for further review; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff by regular mail. The Clerk shall also send plaintiff copies of his original complaint, his amended complaint, and the form civil rights complaint available in the Northern District.

**IT IS SO ORDERED.**

March 14, 2018
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge